FILED by ___**KS**___ D.C.

Feb 24, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **22-60028-CR-DIMITROULEAS/SNOW**

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

vs.

LUKE JOSELIN,

   Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Small Business Administration, the COVID-19 Emergency, and the CARES Act

1.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted March 27, 2020, to provide emergency financial assistance to Americans suffering economic harms from the COVID-19 pandemic. To achieve this goal, the CARES Act established new temporary programs and expanded existing programs administered by the United States Small Business Administration ("SBA").

### The Paycheck Protection Program

2.     One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

3.    The types of businesses eligible for a PPP loan under the CARES Act included sole proprietorships. For the period from February 15, 2020, through June 30, 2020, sole proprietorships were eligible to receive a PPP loan to cover lost income. In order to obtain a PPP loan, the qualifying sole proprietorship submitted a PPP loan application (SBA Form 2483), signed by the sole proprietor. The PPP loan application required the sole proprietor to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In addition, the sole proprietor had to report and document the sole proprietorship's income and expenses, as typically reported to the Internal Revenue Service on Form 1040, Schedule C. The lending institution used this report and documentation to calculate the amount of money the applicant was entitled to receive under the PPP.

4.    Businesses other than sole proprietorships could also apply for PPP loans by submitting an SBA Form 2483. These businesses, through authorized representatives, also had to acknowledge the PPP rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, these businesses, through authorized representatives, had to state their: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the applicant businesses were eligible to receive under the PPP. In addition, these businesses had to provide documentation evidencing their payroll expenses; typically, businesses would supply documents showing the amount of payroll taxes reported to the IRS.

5.    A PPP loan application had to be processed by a participating lender or the participating lender's loan processor. If a PPP loan application was approved, the lender funded the PPP loan using its own monies, which were fully guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the reports

2

and documentation regarding the business's income and expenses, were transmitted by the lender to the SBA in the course of processing the loan.

6.     PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

## Relevant Banks and Bank Processors

7.     Bank 1 was a bank based in Utah that was an approved SBA lender of PPP loans.

8.     Bank Processor 1 was a company based in California that partnered with Bank 1 to offer PPP loans through the Internet. A small business could apply for a PPP loan through an online portal operated by Bank Processor 1. Bank Processor 1 would receive and review the loan application through a server located in Virginia. If the loan application was approved, a partner bank, such as Bank 1, would disburse the PPP loan funds.

9.     Bank Processor 2 was a company based in Georgia that offered PPP loans through the Internet and that was also an approved SBA lender of PPP loans. A small business could apply for a PPP loan through an online portal operated by Bank Processor 2. Bank Processor 2 would receive and review the loan application through a server located in Virginia. If the loan application was approved, Bank Processor 2 or a partner bank would disburse the PPP loan funds.

## The Defendant, Relevant Entities, and Relevant Persons

10.     24HOUR PRINTING INC ("24Hour Printing") was a Florida profit corporation with its listed address in North Lauderdale, Florida.

11.     HUG A PRINT LLC ("Hug a Print") was a Florida limited liability company with its listed address in North Lauderdale, Florida.

12.     Defendant **LUKE JOSELIN**, a resident of Broward County, Florida, was the listed President of 24Hour Printing and Manager of Hug a Print.

13.     SKICAS LLC ("Skicas") was a Florida limited liability company with its listed address in Hollywood, Florida.

14.     Renaldo Harrison, a resident of Broward County, Florida, was the listed owner of Skicas.

15.     PRICERITE LLC ("Pricerite") was a Florida limited liability company with its listed address in Lauderhill, Florida.

16.     Judlex Jean Louis, a resident of Broward County, Florida, was the listed manager of Pricerite.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1.     The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2.     From in or around May 2020, continuing through in or around August 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**LUKE JOSELIN,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Renaldo Harrison, Judlex Jean Louis, and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and

4

to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

3.      It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for assistance in the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the fraud.

**MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendant and his co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.      **LUKE JOSELIN**, Renaldo Harrison, Judlex Jean Louis, and other co-conspirators created email accounts to facilitate the submission of false and fraudulent PPP loan applications and, in some instances, to share stolen personal identification information related to the preparation of false and fraudulent PPP loan applications in the names of identity theft victims.

5.      **LUKE JOSELIN**, Renaldo Harrison, Judlex Jean Louis, and other co-conspirators also created online accounts with Bank Processor 1 and Bank Processor 2, which they used to

upload, edit, and share drafts of false and fraudulent PPP loan applications, causing interstate wire communications between the Southern District of Florida and Virginia.

6.    **LUKE JOSELIN**, Renaldo Harrison, Judlex Jean Louis, and other co-conspirators created false and fraudulent tax forms and bank statements to support these false and fraudulent PPP loan applications.

7.    **LUKE JOSELIN**, Renaldo Harrison, Judlex Jean Louis, and other co-conspirators used Bank Processor 1's online portal and Bank Processor 2's online portal to submit false and fraudulent PPP loan applications, via interstate wire, for their preexisting companies and for fictitious businesses they created or reinstated to further their fraud scheme.

8.    In some of these fraudulent PPP loan applications, **LUKE JOSELIN**, Judlex Jean Louis, and other co-conspirators used false social security numbers or social security numbers stolen from victims to disguise their own identities as the true applicants.

9.    As a result of the false and fraudulent PPP loan applications submitted to Bank Processor 1 and Bank Processor 2 and other lenders participating in the PPP, **LUKE JOSELIN**, Judlex Jean Louis, Renaldo Harrison, and other co-conspirators received hundreds of thousands of dollars in PPP loan relief to which they were not entitled. The money obtained from their falsely and fraudulently obtained PPP loans was not used for payroll and other authorized expenses. Instead, the fraudulently obtained PPP loan money was used to unjustly enrich members of the conspiracy and others and to further the fraud scheme.

10.    For his role in the submission of false and fraudulent PPP loan applications resulting in distribution of proceeds to co-conspirators, **LUKE JOSELIN** demanded and received a portion of the proceeds as a kickback.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-10
### Wire Fraud
### (18 U.S.C. § 1343)

1.      The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2.      From in or around May 2020, continuing through in or around August 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**LUKE JOSELIN,**

did knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans and grants made available to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; (b) offering, paying, and receiving kickbacks in return for referring other individuals for the submission of false and fraudulent loan applications; and (c) diverting fraud proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the fraud.

7

## SCHEME AND ARTIFICE

4.      Paragraphs 4 through 10 of the Manner and Means section from Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

## USE OF WIRES

5.      On or about the dates specified as to each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant, **LUKE JOSELIN**, for the purpose of executing and in furtherance of aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted by means of wire communication certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 2 | May 28, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of Luke Joselin's sole proprietorship, from the Southern District of Florida to Bank Processor 1, resulting in a PPP loan of $27,005. |
| 3 | June 1, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of Judlex Jean Louis's sole proprietorship, from the Southern District of Florida to Bank Processor 1, resulting in a PPP loan of $20,833. |
| 4 | June 2, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of Renaldo Harrison's sole proprietorship, from the Southern District of Florida to Bank Processor 2, resulting in a PPP loan of $20,833. |
| 5 | June 3, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of J.A.G.C.'s sole proprietorship, from the Southern District of Florida to Bank Processor 1, resulting in a PPP loan of $19,412. |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 6 | June 3, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of T.D.'s sole proprietorship, from the Southern District of Florida to Bank Processor 1, resulting in a PPP loan of $19,998. |
| 7 | June 16, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of 24Hour Printing, from the Southern District of Florida to Bank Processor 1, resulting in a PPP loan of $186,972. |
| 8 | June 17, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of Hug a Print, from the Southern District of Florida to Bank Processor 2, resulting in a PPP loan of $182,500. |
| 9 | June 26, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of Pricerite, from the Southern District of Florida to Bank Processor 2. |
| 10 | July 11, 2020 | Electronic submission of a false and fraudulent PPP loan application on behalf of Skicas, from the Southern District of Florida to Bank Processor 2. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 11-12
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**LUKE JOSELIN,**

during and in relation to a felony violation of Title 18, United States Code, Section 1343, that is, wire fraud, as charged in Counts 5 and 6 of this Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as set forth in each count below:

| COUNT | APPROXIMATE DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 11 | June 3, 2020 | Name and Florida Driver License of J.A.G.C. |
| 12 | June 3, 2020 | Name and social security number of T.D. |

9

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **LUKE JOSELIN,** has an interest.

2.      Upon conviction of a violation, or a conspiracy to commit a violation, of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of money equal in value to the total amount of funds constituting, or derived from, proceeds obtained as a result of the alleged offenses, which may be sought as a forfeiture money judgment.

4.      If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third party;
>
> c.   has been placed beyond the jurisdiction of the court;
>
> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of

Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set

forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code,

Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
KIRAN N. BHAT
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

LUKE JOSELIN,

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY\***
**Superseding Case Information:**

**Court Division:** (Select One)

☐ Miami  ☐ Key West  ☑ FTL
☐ WPB  ☐ FTP

New defendant(s)  ☐ Yes  ☐ No
Number of new defendants  _____
Total number of counts  _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No_____
   List language and/or dialect  _____

4. This case will take  _4-5_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I    0 to 5 days        ☑
   II   6 to 10 days       ☐
   III  11 to 20 days      ☐
   IV   21 to 60 days      ☐
   V    61 days and over   ☐

   (Check only one)

   Petty          ☐
   Minor          ☐
   Misdemeanor    ☐
   Felony         ☑

6. Has this case previously been filed in this District Court? (Yes or No)  No_____
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  No_____
   If yes: Magistrate Case No.  _____
   Related miscellaneous numbers:  _21-60140-CR; 21-60265-CR____
   Defendant(s) in federal custody as of  _____
   Defendant(s) in state custody as of  _____
   Rule 20 from the District of  _____
   Is this a potential death penalty case? (Yes or No)  No_____

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No)  No_____

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No)  No_____

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No)  No_____

_____
Kiran N. Bhat
Assistant United States Attorney
FLA Bar No.        1008370

\*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: LUKE JOSELIN**

**Case No:** _____

Count #: 1

  Conspiracy to Commit Wire Fraud

  Title 18, United States Code, Section 1349

\* **Max. Penalty**: Twenty (20) years' imprisonment

Counts #: 2-10

  Wire Fraud

  Title 18, United States Code, Sections 1343 and 2

\* **Max. Penalty**: Twenty (20) years' imprisonment

Counts #: 11-12

  Aggravated Identity Theft

  Title 18, United States Code, Sections 1028A(a)(1) and 2

\* **Max. Penalty**: Mandatory consecutive two (2) years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**