UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | Case No. 22-60028-CR-DIMITROULEAS/SNOW |
|---|---|
| v. | |
| LUKE JOSELIN | |

**MOTION BY NON-PARTY WITNESS KABBAGE, INC., d/b/a KSERVICING, TO QUASH SUBPOENA FOR TRIAL TESTIMONY**

Non-party witness Kabbage, Inc., d/b/a KServicing ("Kabbage"), hereby moves to quash a subpoena issued by the government for a trial currently scheduled to begin August 15, 2022.

**INTRODUCTION**

Kabbage is an online loan servicing company for small businesses. The U.S. Attorney's Office for the Southern District of Florida has subpoenaed Kabbage to testify about its loan approval practices because it is a victim in the wire fraud scheme alleged in the indictment. But, at the same time, through Main Justice in Washington, D.C., the U.S. Attorney's Office for the District of Massachusetts and the U.S. Attorney's Office for the Eastern District of Texas, the U.S. Department of Justice ("DOJ") is also *investigating* Kabbage *for those very same practices*. Requiring Kabbage to comply with DOJ's subpoena here would force it to provide sworn testimony, on direct and cross examination, that would be readily available to the DOJ attorneys in Washington, Boston and Houston who are targeting Kabbage.

While this pincer movement was unwitting – the U.S. Attorney's Office here was unaware of the other proceedings – it is procedurally unfair to Kabbage, especially when DOJ can (a) enter Kabbage business records through a recordkeeper certification (including the loan application and related forms); and (b) secure testimony on the question of materiality from a witness provided by the Small Business Administration ("SBA"), which administered the relevant loan program.

-1-

## BACKGROUND

On March 25, 2022, the government served Kabbage with a Rule 17(a) subpoena for trial testimony in this fraud case, which is based on allegations that the defendant secured loans under the Payment Protection Program ("PPP") by submitting falsified applications to Kabbage and another entity. Kabbage was a prominent servicer of PPP loans during the pandemic, and government counsel has explained that he is seeking testimony from Kabbage about the PPP program and Kabbage's status as an approved lender; the process for applying for a PPP loan and the required documentary support; more specific testimony about Form 2483[1] and the significance of the information it collects; the importance of providing truthful information on the application; and the location of Kabbage's servers.

Meanwhile, for over a year, the Boston U.S. Attorney's Office has been investigating Kabbage under the False Claims Act, on the theory that Kabbage improperly approved PPP loans that were either obviously fraudulent or not within Small Business Administration ("SBA") parameters. The relevant period of that investigation overlaps the term of the conspiracy alleged in this case. Similarly, the Houston U.S. Attorney's Office is investigating the adequacy of Kabbage's fraud and anti-money laundering controls in the same time frame. Both matters are being coordinated by DOJ's Civil Division in Washington, D.C.

Government counsel and undersigned counsel have discussed various ways of addressing Kabbage's concerns, but have been unable to reach resolution.

---

[1] This is the SBA-approved borrower information form for PPP loans.

## ARGUMENT

**I.  THE COURT IS EMPOWERED TO QUASH A SUBPOENA FOR TESTIMONY IF IT IS UNREASONABLE OR OPPRESSIVE**

Rule 17(c) provides that "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. Pro. 17(c)(2).  "The standard is basically the same for subpoenas compelling the attendance of witnesses – *i.e.*, subpoenas *ad testificandum* under Rule 17(a)."  *United States v. Santistevan*, No. 11-CR-00406-CMA, 2012 WL 2875949, at *1 (D. Colo. July 12, 2012); *see also Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000) ("[C]ourts routinely have entertained motions seeking such relief and decided them by reference to comparable principles.").  To determine whether a subpoena is "unreasonable or oppressive," courts consider whether the burden of compliance greatly outweighs the relevance of the subpoenaed information.  *See, e.g.*, *United States v. Hardy*, 224 F.3d 752, 756 (8th Cir. 2000) (addressing the standard regarding the production of documents).

**II.  ALLOWING DOJ TO FORCE KABBAGE TO TESTIFY IN THIS CASE WHEN DOJ IS SIMULTANEOUSLY INVESTIGATING KABBAGE ELSEWHERE IS UNREASONABLE**

Here, the subpoena presents an undue – and, as importantly, unnecessary – burden for Kabbage, because the government is investigating Kabbage in two jurisdictions while, at the same time, compelling its testimony in a third, all on related issues.  In short, compelled testimony here jeopardizes Kabbage's ability to defend itself there.

Courts have long recognized this tension in analogous situations.  For example, when one party faces parallel civil and criminal proceedings, courts often stay the civil proceedings so that civil discovery, *e.g.*, depositions or interrogatory responses, do not prejudice the defendant's position in the criminal matter.  The obvious concern is the procedural unfairness of compelling a target's testimony when it is under threat of parallel criminal sanctions.  *See, e.g.*, *S.E.C. v.*

*Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1316 (N.D. Ala. 2003) ("Because of the ongoing criminal investigation, defendant Scrushy has been placed in the precarious position of either waiving his Fifth Amendment rights and defending himself in the matter before this court, or asserting the privilege and probably losing this civil proceeding. While such a choice may not be unconstitutional, this court may still exercise its discretion to stay this case in the interest of justice.").[2]

This case does not present an identical situation, but the equities are the same: the Boston and Houston investigations are, financially, an existential threat to Kabbage. Yet, in this parallel matter in Florida, the same government agency seeks to force Kabbage to testify about the internal processes at issue in those investigations. For example, any testimony about the materiality of defendant Luke Joselin's alleged false statements, and their role in Kabbage's loan approval process, would expose Kabbage to questions about the fraud controls in its loan approval process, which is directly relevant to DOJ's Boston and Houston inquiries.

The problem is exacerbated by Joselin's opportunity to cross examine Kabbage's representative at trial: since the government's theory is that Joselin secured PPP loans via fraud, the defense will cross examine the Kabbage witness about the adequacy of Kabbage's fraud controls, in an effort to muddy the relevant issues and deflect responsibility to Kabbage.[3]

---

[2] *See also, e.g.*, *Dean v. Douglas*, No. 5:12-CV-120 CAR, 2012 WL 6151137, at *4 (M.D. Ga. Dec. 11, 2012) ("[P]articipating fully in civil discovery could cause irreparable harm and prejudice to Defendants in their criminal defenses. Although the Court is cognizant that Plaintiff's interest in an expeditious resolution of the case and the public's interest in the civil and criminal litigation weigh against issuing a stay, the Court concludes that these interests do not outweigh the great likelihood for prejudice to Defendants that would result from allowing this civil action to proceed. Accordingly, the Court finds that the interests of justice warrant a stay of this proceeding.").

[3] The government and Kabbage agree that cross examination on this subject would not be legally relevant under FRE 403. The government has advised that it may move *in limine* to prevent this kind of cross examination.

**III. THE GOVERNMENT CAN SECURE THE EVIDENCE IT NEEDS BY OTHER MEANS**

As noted above, the government appears to need Kabbage's testimony to explain the PPP loan program, establish the materiality of applicants' misrepresentations on loan forms, and establish the (interstate) location of Kabbage's servers.

All of this can be accomplished by other means:

- A witness from the SBA can explain the PPP program; Kabbage's status as an approved lender; what was required to qualify for a PPP loan; and the acceptable underlying documentation, including the Form 2483 and the materiality of the information it requires (it is, after all, an SBA form).

- Defendant's submission of the loan application to Kabbage, and processing and approval of the package, can be established from the documents themselves. If those records are not admitted by stipulation or recordkeeper certification under FRE 104 and 803, Kabbage could provide a witness for the limited purpose of authenticating documents and laying the foundation for the business record exception to the hearsay rule.

- The out-of-state location of Kabbage's servers would likely be stipulated but, if not, Kabbage could also provide a witness for that limited purpose.

By using these alternative methods to prove its case, the government's interest in this prosecution is preserved while avoiding the procedural unfairness of allowing DOJ to investigate Kabbage with one hand while compelling its testimony with the other.

## CONCLUSION

For these reasons, Kabbage respectfully requests the Court quash the subpoena or, in the alternative, severely limit, as described above, questioning of any Kabbage witness on direct and cross examination.

## LOCAL RULE 88.9 CERTIFICATION

Undersigned counsel have conferred in a good faith effort to resolve the issues raised in this motion. Counsel for the government opposes this motion.

Dated: June 3, 2022

Respectfully submitted,

/s/ *Ana María Cristina Pérez Soto*
Ana María Cristina Pérez Soto
Florida Bar No. 096692
JONES DAY
Brickell World Plaza
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Phone: (305) 714-9700
Fax: (305) 714-9799
Email: cperezsoto@jonesday.com

and

Andrew E. Lelling
*Pro hac vice motion pending*
alelling@jonesday.com
100 High Street
JONES DAY
Boston, MA 02110-1781
Phone: (617) 449-6856
Fax: (617) 449-6999

**Attorneys for Kabbage, Inc., d/b/a KServicing**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record.

/s/ *Ana María Cristina Pérez Soto*
Ana María Cristina Pérez Soto