# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: **0:22-cr-60028-WPD-1**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.

**LUKE JOSELIN,**

    **Defendant.**

_____/

## DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE INEXTRICABLY INTERTWINED EVIDENCE AND RULE 404(b) EVIDENCE

The Defendant Luke Joselin, by and through undersigned counsel respectfully files a response in opposition to the government's notice of intent to introduce evidence pursuant to Federal Rule of Evidence 404(b). In support thereof, Mr. Joselin states:

### BACKGROUND

The indictment in this case charges the Defendant, Mr. Joselin with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C § 1349; nine counts of wire fraud, in violation of 18 U.S.C. § 1343; and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028 A(a)(1). The

charges arise from Mr. Joselin's involvement with defrauding the Paycheck Protection Program (PPP).

The indictment alleges that Mr. Joselin did willfully, with intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with Renaldo Harrison, Judlex Jean Louis, and with others known and unknown to the Grand Jury, to commit offenses against the United States.

The indictment further alleges that Mr. Joselin and his co-conspirators created email accounts to facilitate the submission of false and fraudulent PPP loan applications; created online accounts with Bank Processor 1 and Bank Processor 2 to upload, edit, and share drafts of false and fraudulent PPP loan applications; created false and fraudulent tax forms and bank statements to support the false and fraudulent PPP loan applications; used Bank Processor 1's online portal and Bank Processor 2's online portal to submit false and fraudulent PPP loan applications; used false social security numbers or social security numbers stolen from victims to disguise their own identities as the true applicants.

In the motion to use 404(b) evidence, the government alleges that Mr. Joselin and his co-conspirators sought PPP loans of about $20,000.00 each for sole proprietorships that did not actually exist. The government also alleges that Mr. Joselin and his co-conspirators sought PPP loans of about $180,000.00 each for businesses which either operated on a smaller scale than the applications claimed or had not operated at all for many years.

Additionally, the government proposes to introduce evidence that Mr. Joselin and his co-conspirators, in addition to the charged PPP loans, applied for loans through a separate pandemic relief program: the Economic Injury Disaster Loan (EIDL) program.

The Government further proposes to introduce evidence that before the pandemic, Mr. Joselin and his co-conspirator, Judlex Jean Louis, jointly possessed stolen victim personal identifying information (PII), and that the pair always intended to use this PII for fraud and that the PPP just provided the best opportunity.

## ARGUMENT AND MEMORANDUM OF LAW

Under Federal Rule of Evidence 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In this case, the probative value of Mr. Joselin's false statements in the PPP loan applications and his alleged involvement with the EIDL loan is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. The EIDL loan is only tangentially related to the charged offenses.

Contrary to the government's assertion that the loan is inextricably intertwined with the instant offense, the evidence about how Mr. Joselin obtained the EIDL loan is wholly separate from the allegations in the indictment. Therefore, there is a danger that the evidence that Mr. Joselin made false statements to obtain the EIDL loan will mislead the jury and confuse the issues. Moreover, the evidence of the EIDL loan would be unfairly prejudicial. Accordingly, the Court should exclude the evidence of the EIDL loan from the trial of this case.

Contrary to the government's argument, the alleged schemes are not identical. In the instant case, the government is alleging that Mr. Joselin and his co-conspirators sought PPP loans of about $20,000.00 each for sole proprietorships that did not actually exist. The government also alleges that Mr. Joselin and his co-conspirators sought PPP loans of about $180,000.00 each for businesses which either operated on a smaller scale than the applications claimed or had not operated at all for many years.

Evidence of uncharged criminal conduct is admissible only if relevant to an issue other than the defendant's character or propensity to commit a crime. *See United States v. Ellisor,* 522 F.3d 1255, 1267 (11th Cir. 2008). The government is seeking to admit evidence of the EIDL Loan to paint Mr. Joselin in bad light. Accordingly, the Court should preclude the government from introducing evidence of Mr. Joselin's involvement with the EIDL Loan.

## CONCLUSION

Based upon the above facts and arguments, this Court should exclude the evidence the government seeks to introduce pursuant to Federal Rule of Evidence 404(b).

## RELIEF REQUESTED

**WHEREFORE,** the Defense respectfully requests that this Court exclude the proffered 404(b) evidence from the Trial of this cause.

Date: July 28, 2022

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 28, 2022, I electronically filed the foregoing which will send a notice of electronic filing to the following:

**The United States Attorney's Office**
**Southern District of Florida**
500 S. Australian Ave.
West Palm Beach, FL 33041

Service sent Electronically via Email

Respectfully Submitted,

**THE DAVIS LEGAL CENTER**
*/s/ Dameka L. Davis, Esq.*
Dameka L. Davis, Esq.
Florida Bar No.: 0110587
2719 Hollywood Boulevard, A-1187
Hollywood, Florida 33020
Telephone: 954-256-5958
Fax No.: 954-272-7665
Email: ddavis@thedavislegalcenter.com
*Counsel for the Defendant,*
*Luke Joselin*