IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:22-60028-CR

UNITED STATES OF AMERICA,

    Plaintiff

vs.

LUKE JOSELIN,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF OBJECTION TO GOVERNMENT'S NOTICE OF INTENT TO OFFER CERTIFIED RECORDS INTO EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 902

**COMES NOW,** the Defendant **LUKE JOSELIN**, through his undersigned counsel and hereby objects to the government's notice of intent to offer certified records pursuant to Federal Rules of Evidence 902(1), (2), (4) and (11) without calling a records custodian.

## BACKGROUND

On July 25, 2022, the government filed a notice of intent to offer the following certified records into evidence:

1. Certified Driver and Vehicle Information Database ("DAVID") records for Luke Joselin;

2. Florida Department of State, Division of Corporations records for (1) 24Hour Printing Inc; (2) Hug a Print, LLC; (3) Skicas LLC; and (4) Pricerite LLC;

3. Paycheck Protection Program ("PPP") loan records from BlueVine Capital Inc.;

4.  PPP loan records from KServicing Corporation, f/k/a Kabbage, Inc.;

5.  Mortgage loan records from First Savings Bank.

6.  Bank records from (1) Pentagon Federal Credit Union; (2) BBVA USA; (3) Tropical Financial Credit Union; (4) Discover Products, Inc.; (5) JPMorgan Chase Bank, N.A.; and (6) Wells Fargo Bank, N.A.;

7.  Internet service provider subscriber records from (1) AT&T; (2) Blue Stream Communications, LLC; and (3) Comcast Cable Communications, LLC.

8.  Email account subscriber records from Google LLC;

9.  Cellular telephone subscriber records from: (1) Verizon; and (2) T-Mobile;

10. United States Small Business Administration ("SBA") Economic Injury Disaster Loan ("EIDL") records for (1) 24Hour Printing, Inc.; (2) Hug a Print LLC; (3) Skicas LLC; and (4) Pricerite LLC.

In its notice of intent, the government seeks to offer into evidence the previously listed certified records without calling a records custodian under Federal Rules of Evidence 902(1), (2), (4) and (11).

## ARGUMENT AND MEMORANDUM OF LAW

To be admissible under the Federal Rule of Evidence 902(11), the business records must satisfy the Rule 803(6), which provides that "[a] record of an act, event, condition, opinion, or diagnosis" is not excluded by the rule against hearsay if it satisfies five requirements. FED. R. EVID. 803(6). The first three requirements are that "the record was

kept in the course of a regularly conducted activity of a business…"; and that "making the record was a regular practice of that activity." *Id*. 803(6)(A)-(C).

The fourth requirement of Rule 803(6) is that the first three conditions "are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." *Id*. 803(6)(D). The government seeks to offer into evidence certified records under Federal Rule of Evidence 902(11), which provides that the original copy or a copy of a domestic record is self-authenticating if a custodian or other qualified person certifies that the record meets the first three requirements of Rule 803(6). *Id.* 902(11). Rule 902(11) requires that the proponent of the record give an adverse party reasonable written notice of the intent to offer the record before trial, so that the adverse party has a fair opportunity to object. *Id.*

The Advisory Committee observes that the reason for this notice requirement is "to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration." FED. R. EVID. 902, advisory committee notes (2000 amendments). "Thus, this provision does not affect the right of the opponent to challenge the authenticity of the records; it only relieves the proponent of the burden of presenting a live witness at trial. An opponent who believes that the declarant has not established a sufficient foundation will have to present evidence that demonstrates the failure." 5 JOSEPH M. MCLAUGHLIN, JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE §902.13[1] (2d ed. 2012).

On July 25, 2022, the government placed Mr. Joselin on notice that it intends to offer into evidence certified business records under Rule 902(11) in lieu of presenting the live testimony of a records custodian. The fifth, and final, requirement of Rule 803(6) is that "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." FED. R. EVID. 803(6)(E).

As the government's notice of intent acknowledges under Rules 902(1), (2), (4) and (11), the records they seek to offer into evidence would be available only if the records do not violate the Confrontation clause. *See Gov't's Mot.* In *Crawford v. United States*, 541 U.S. 36 (2004), the supreme court held that only "testimonial" hearsay implicates the Confrontation Clause and observed that most of the traditional hearsay exceptions "covered statements that by their nature were not testimonial – for example, business records" *Id.* at 56. After *Crawford,* the Eleventh circuit has "held in a number of cases that business records…. are admissible absent confrontation." *United States v. Curbelo,* 726 F.3d 1260, 1272 (11th Cir. 2013) (quoting *Crawford v. Washington*, 541 U.S. 36, 53, 59 (2004)). However, the Supreme Court and Eleventh Circuit subsequently clarified that not all business records are immune from Confrontation Clause attack. *See Id.* The Supreme Court clarified that all statements, whether contained in business records or not, are considered "testimonial" – and therefore subject to the Confrontation Clause – if they "have a 'primary purpose' of 'establishing or proving past events potentially relevant to later criminal prosecution." *Id.* at 640. (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)).

It is the Defendant's position that the Government's records are authentic and as governed by Federal Rules of Evidence. However, the Defense is objecting that the records come into evidence absent a live witness because the records violate Mr. Joselin's right to confrontation because admission of the records would constitute testimony that could potentially lead to criminal prosecution. In other words, the business records are admissible under Rule 803(6), will qualify for self-authentication under Rule 902(11), and but will implicate the Confrontation Clause.

**THEREFORE,** The Court should reject the Government's notice of intent and require the Custodian of Records to testify on direct and cross examination to determine the accuracy and trustworthiness of the records being offered as evidence.

## CONCLUSION

The Court should reject the government's request for self-authentication and permit the Defendant to examine the reliability and integrity of the records as admission of the records may subject Joselin to criminal prosecution at a later date.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2022, I electronically filed the foregoing with the Clerk of the Court by using the Florida E-Portal system which will send a notice of electronic filing to the following:

**U.S. Attorney's Office**
Southern District
99 NE 4th Street
Miami, FL 33132

Respectfully Submitted,

**THE DAVIS LEGAL CENTER**
***/s/ Dameka L. Davis, Esq.***
Dameka L. Davis, Esq.
Florida Bar No.: 0110587
2719 Hollywood Boulevard, A-1187
Hollywood, Florida 33020
Telephone: 954-256-5958
Fax No.: 954-272-7665
Email: ddavis@thedavislegalcenter.com
