**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>22-60028-CR-DIMITROULEAS/SNOW</u>**

UNITED STATES OF AMERICA

v.

LUKE JOSELIN,

      Defendant.

_____/

<u>**UNITED STATES OF AMERICA'S PROPOSED JURY INSTRUCTIONS**</u>

      Pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure, the government requests that the Court deliver the following jury instructions. Except as noted in pages 7 and 17 below, the proposals are Eleventh Circuit patterns. The government intends to make appropriate revisions to the proposals based on how trial unfolds.

                        Respectfully submitted,

                        JUAN ANTONIO GONZALEZ
                        UNITED STATES ATTORNEY

By: _____
                        Kiran N. Bhat
                        Assistant United States Attorney
                        Florida Bar No. 1008370
                        99 NE 4th Street
                        Miami, Florida 33132-2111
                        Phone: (305) 961-9103
                        Email: Kiran.Bhat@usdoj.gov

                        Michael B. Homer
                        Assistant United States Attorney
                        Court ID No. A5502497
                        99 NE 4th Street
                        Miami, Florida 33132-2111
                        Tel: (305) 961-9289
                        Email: Michael.Homer@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>22-60028-CR-DIMITROULEAS/SNOW</u>**

UNITED STATES OF AMERICA

v.

LUKE JOSELIN,

     Defendant.

_____/

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

Members of the Jury:

     It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

     You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.1**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**B6.3**
**Impeachment of Witnesses Because of Inconsistent Statements (Defendant**
**with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**Persons Not on Trial**

There are people whose names you heard during the trial but who did not testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  You should remember my instruction, however, that the law does not impose on a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

In addition, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy or all co-defendants be charged and prosecuted in one proceeding.  You may not draw any inference, favorable or unfavorable, towards the Government or the Defendant from the fact that any person in addition to the Defendant before you is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.

**SOURCE**:

*United States v. Barlatier*, 238 Fed. Appx. 569 (11th Cir. 2007); *United States v. Esformes*, 16-20549-Cr-Scola (modeled on many similar instructions)

**S1.2**
**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made plea agreements with two individuals in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than these individuals would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

**S4.1**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment.  This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment and whether the Defendant committed the acts charged in the indictment by accident or mistake.

**B8**
**Introduction to Offense Instructions**

The indictment charges twelve separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant knowingly and willfully engaged in a conspiracy to commit the offense of wire fraud.

Counts Two through Ten charge that the Defendant committed what are called "substantive offenses," specifically wire fraud. I will explain what wire fraud means in a moment. But first note that the Defendants is not charged in Count One with committing a substantive offense – he is charged with conspiring to commit that offense. I will also give you specific instructions on conspiracy.

Additionally, Counts Eleven and Twelve charge that the Defendant committed aggravated identity theft during and in relation to the wire fraud counts charged in Counts Five and Six, respectively.

10

**O54**
**Conspiracy to Commit Wire Fraud**
**18 U.S.C. § 1349**

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

11

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**O51**
**Wire Fraud**
**18 U.S.C. § 1343**

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

13

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

14

**O40.3**
**Aggravated Identity Theft**
**18 U.S.C. § 1028A(a)(1)**

It's a Federal crime to commit aggravated identity theft.

The Defendant can be found guilty of aggravated identity theft only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly transferred, possessed, or used another person's means of identification;

(2) without lawful authority; and

(3) during and in relation to the wire fraud charged in Counts Five and Six of the indictment.

A "means of identification" is any name or number used, alone or together with any other information, to identify a specific person, including a name, social security number, date of birth, officially issued driver's license or identification number, alien registration number, passport number, employer or taxpayer identification number, or electronic identification number or routing code. It can also include a fingerprint, voice print or other biometric data.

The Government must prove that the Defendant knew that the means of identification, in fact, belonged to another actual person, and not a fictitious person.

The Government must prove that the Defendant knowingly transferred, possessed, or used another person's identity "without lawful authority." The Government does not have to prove that the Defendant stole the means of identification. The Government is required to prove the Defendant transferred, possessed, or used the other person's means of identification for an unlawful or illegitimate purpose.

The Government also must prove that the means of identification was possessed "during and in relation to" the crimes alleged in the indictment.  The phrase "during and in relation to" means that there must be a firm connection between the Defendant, the means of identification, and the crimes alleged in the indictment.  The means of identification must have helped with some important function or purpose of the crime, and not simply have been there accidentally or coincidentally.  The means of identification at least must facilitate, or have the potential of facilitating, the crime alleged in the indictment.

**No Defense of Lender Negligence**

It is not a defense to the crimes of conspiracy to commit wire fraud, or wire fraud, that the lenders could have done something more than they did to prevent the offense.  In other words, if you find that the government has proven all the elements of the crime charged beyond a reasonable doubt, it is no defense that such conspiracy or fraud might not have occurred if the lenders had better internal controls or had acted with greater care.

Therefore, any evidence that the lenders could have done something to prevent any fraud or conspiracy which you find occurred, or evidence that their procedures were somehow deficient, should not be considered by you as an excuse or defense to the crimes charged.

Victim negligence, carelessness or gullibility is no defense to a charge of fraud.  A defendant can be convicted of wire fraud even if his or her targeted victim never encountered the deception, or if the targeted victim encountered it, but was not deceived.

<u>**SOURCE**</u>:

*See United States v. Svete*, 556 F.3d 1157, 1665 (11th Cir. 2009) (*en banc*) (holding that "'[t]he negligence of the victim in failing to discover a fraudulent scheme is not a defense'"); *United States v. Roopnarine*, 718 F. App'x 797 (11th Cir. 2017).

**S8**
**Deliberate Ignorance as Proof of Knowledge**

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

So you may find that a defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the defendant (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed his eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance.

**B8.1**

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**S7**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>22-60028-CR-DIMITROULEAS/SNOW</u>**

UNITED STATES OF AMERICA

v.

LUKE JOSELIN,

     Defendant.

_____/

**<u>VERDICT</u>**

    We, the Jury in the above-captioned case, unanimously find the Defendant, Luke

Joselin:

       As to **Count 1**:    NOT GUILTY  _____    GUILTY  _____

       As to **Count 2**:    NOT GUILTY  _____    GUILTY  _____

       As to **Count 3**:    NOT GUILTY  _____    GUILTY  _____

       As to **Count 4**:    NOT GUILTY  _____    GUILTY  _____

       As to **Count 5**:    NOT GUILTY  _____    GUILTY  _____

       As to **Count 6**:    NOT GUILTY  _____    GUILTY  _____

       As to **Count 7**:    NOT GUILTY  _____    GUILTY  _____

As to **Count 8**:      NOT GUILTY  _____      GUILTY  _____

As to **Count 9**:      NOT GUILTY  _____      GUILTY  _____

As to **Count 10**:     NOT GUILTY  _____      GUILTY  _____

As to **Count 11**:     NOT GUILTY  _____      GUILTY  _____

As to **Count 12**:     NOT GUILTY  _____      GUILTY  _____

**SO SAY WE ALL**

_____
**FOREPERSON OF THE JURY**

**Dated:** _____

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on August 8, 2022, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.

<u>*/s/ Kiran N. Bhat*</u>
Kiran N. Bhat
Assistant United States Attorney