IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:22-60028-CR

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LUKE JOSELIN,

    Defendant.

_____/

## DEFENDANT'S MOTION IN LIMINE

    Defendant **LUKE JOSELIN** hereby moves this Honorable Court *in limine* to preclude the government from introducing evidence or eliciting testimony of witnesses' (a) opinions that their own conduct was, in hindsight, illegal and (b) opinions that the Defendant's conduct was illegal. In support thereof, undersigned counsel states as follows:

## BACKGROUND

On January 19, 2021, Co-Defendant Judlex Jean Louis, pleaded guilty to bank fraud and aggravated identity theft. On January 20, 2022, Co-Defendant Renaldo Harrison, pleaded guilty to conspiracy to commit wire fraud and wire fraud.

On February 24, 2022, a federal grand jury returned a twelve (12) count Indictment charging the Defendant with the following counts:

**COUNT I:** Conspiracy to Commit Wire Fraud
**COUNTS II - X:** Wire Fraud
**COUNTS XI – XII:** Aggravated Identity Theft

This indictment comes as a result of statements from the Co-Defendants. On March 2, 2022, Mr. Joselin with agreement from the Government turned himself in to Law Enforcement Officers on the warrant and Indictment.

# ARGUMENT

I. **Motion *in Limine* to Preclude the Government from Introducing Evidence or Eliciting Testimony of Witnesses' (a) Opinions that their own conduct was, in hindsight, illegal and (b) Opinions that the Defendant's conduct was illegal.**

The witness interview reports produced in this case contain an undercurrent of discussions regarding the legality of the Paycheck Protection Program loans. The Co-Defendants in this case made statements to law enforcement that suggest the Defendant was the leader behind the alleged conspiracy. However, the defense contends that these statements were made in an effort to mislead law enforcement and to seek a lesser sentence.

a. **Legal Standard**

"The Government may present evidence of a witness' contemporaneous understanding of the propriety of his or her conduct as relevant to that witness' state of mind. A witness may not express his or her opinion as to the legality of the conduct of others or explain how he or she now views historical behavior." *United States v. Kapoor*, et al., 16-cr-103430ADM (D. Mass. January 15, 2019) (D.E. at 5); *See also United States v. Van Eyl*, 468 F. 3d 428, 437 (7th Cir. 2006) (affirming order of new trial where "the [district] court feared the jury would conclude that if others thought the conduct was wrong then [the defendant] must have possessed the intent to defraud."); *United States v. Henke*, 222 F.3d 633, 639-40 (9th Cir. 2000) (holding that the district court erred by admitting questioning "done in order to elicit [the witness's] conclusion that the defendants 'must have known' about the illegal conduct."); *United States v. Anderskow*, 88 F.3d 245, 250 (3d Cir. 1996) (agreeing that testimony that defendant "must have known" improperly turned lay witness "into thirteenth juror.") .

The Defense recognizes that Fed. R. Evid. 80l(d)(2)(E) provides that a statement by the Defendant's co-conspirator during the course and in furtherance of the conspiracy is not hearsay. Furthermore, declarations of co-conspirators are admissible against the defendant only if three elements are satisfied: 1) the statement was made in furtherance of the conspiracy 2) it was made during the course of the conspiracy and 3) there is independent evidence to establish the conspiracy.

**b.  Argument**

First, a witness's opinions (whether in hindsight or not) regarding the illegality of the Defendant's actions are inadmissible and inappropriate legal opinions under Federal Rule of Evidence 701. *See, e.g.* Second, a witness's hindsight opinions regarding the illegality of the witness's own actions are irrelevant and unfairly prejudicial. *See* Fed. Rs. Evid. 401, 403. Further, a witness's opinion that, in hindsight, the witnesses's past conduct was contrary to some unspecified law is irrelevant to whether the Defendant had the requisite specific intent to agree to the particular violations of law alleged at the time the conduct took place. *See United States v. Herman*, 589 F.2d 1191, 1198 (3d. Cir. 1978) (when balancing under Rule 403, a court should consider "the extent to which [the proposition that the evidence establishes is] directly at issue in the case").

In the instant case, the Co-Conspirators provided their statements against the Defendant after being notified of their own offenses and had an indictment filed against them. Therefore, their statements were not made to further the alleged conspiracy or during its course. Moreover, confession or admission by one co-conspirator after he has been apprehended is not in any sense a furtherance of the criminal enterprise. It is rather a frustration of it. *Gambino v. United States*, 108 F.2d 140, 142-143.

"Conspirators' declarations are good to prove that some conspiracy exists but less trustworthy to show its aims and membership. The conspirator's interest is likely to lie in misleading the listener into believing the conspiracy stronger with more members (and different members) and other aims than in fact it has. It is no victory for common sense to make a belief that criminals are notorious for their veracity the basis for law." Levie, Hearsay and Conspiracy, 52 Mich. L. Rev. 1159, 1165-1166 (1954). *United States v. Inadi,* 475 US 387 – Supreme Court 1986.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, the Court should grant the Defendant's Motion *in Limine* and preclude the government from introducing evidence or eliciting testimony of witnesses' (a) opinions that their own conduct was, in hindsight, illegal and (b) opinions that the Defendant's conduct was illegal.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in good faith to resolve the issues raised in the motion and states that the following issues have been resolved: The Assistant United States' Attorney Kiran Bhat objects to said Motion.

Date: August 10, 2022.

Respectfully Submitted,

**THE DAVIS LEGAL CENTER**
*/s/ Dameka L. Davis, Esq.*
Dameka L. Davis, Esq.
Florida Bar No.: 0110587
2719 Hollywood Boulevard, A-1187
Hollywood, Florida 33020
Telephone: 954-256-5958
Fax No.: 954-272-7665
Email: ddavis@thedavislawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August 2022, I served a copy of the foregoing via electronic mail on all counsel of record as set forth in the service list.

## SERVICE LIST

**THE DAVIS LEGAL CENTER**
*/s/ Dameka L. Davis, Esq.*
Dameka L. Davis, Esq.
Florida Bar No.: 0110587
2719 Hollywood Boulevard, A-1187
Hollywood, Florida 33020
Telephone: 954-256-5958
Fax No.: 954-272-7665
Email: ddavis@thedavislawfirm.com
*Counsel for Defendant,*
*Luke Joselin*

Served via electronic mail

**The United States Attorney's Office**
**Southern District of Florida**
500 S. Australian Ave.
West Palm Beach, FL 33041

Service sent Electronically via Email