UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60028-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

LUKE JOSELIN,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR NEW TRIAL**

The government submits this response to the motion for new trial (DE 69) filed by the Defendant, Luke Joselin. For the reasons below, the Court should deny the motion.

**FACTS**

A federal grand jury returned a twelve-count indictment charging the Defendant for his leading role in a Paycheck Protection Program ("PPP") loan fraud scheme. (DE 1). Count 1 charged a wire fraud conspiracy that included the Defendant's and his co-conspirators' use of stolen social security numbers to submit fraudulent PPP loan applications. (DE 1 at 4-6). Counts 6 and 12 charged wire fraud and aggravated identity theft, respectively, for the submission of a fraudulent PPP loan application in which the Defendant and his co-conspirators used victim T.D.'s name and social security number without permission. (DE 1 at 7-10).

Before trial, the government noticed its intent to use certain inextricably intertwined or, alternatively, Rule 404(b) evidence: that the Defendant and his co-conspirator, Judlex Jean Louis, "possessed multiple victims' stolen PII years before the charged conduct; contemplated using this information for fraud before the onset of the pandemic; and finally used that information—including T.D.'s name and social security number—when the PPP presented the opportunity." (DE

33 at 3). At calendar call on August 9, 2022, the Court deferred ruling on the admissibility of this evidence until trial and instructed the government to first proffer any testimony that implicated the notice outside the presence of the jury.

Trial began on August 15, 2022. (DE 54). Jean Louis testified the next day. (DE 55). Before eliciting testimony touching on the notice, the government requested a sidebar and proffered the following intended topics: (1) Jean Louis had obtained T.D.'s PII in the mid-2000s, long before the pandemic; (2) Jean Louis had obtained T.D.'s PII unlawfully; (3) soon after obtaining T.D.'s PII, Jean Louis had shared it with the Defendant; and (4) Jean Louis initially shared T.D.'s PII with the Defendant to facilitate other uncharged fraud.

The Defendant renewed a pre-trial objection to the government eliciting testimony on any of these topics. The Court at sidebar indicated that it would permit testimony on the first three topics but not the fourth topic, instructing the government not to elicit testimony that Jean Louis gave the Defendant T.D.'s PII for purposes of fraud. Accordingly, the government only elicited from Jean Louis that he had obtained T.D.'s PII unlawfully years before the pandemic and had, soon after obtaining that PII, provided it to Joselin.[1] Per the Court's instruction, the government did not elicit that Jean Louis provided T.D.'s PII to facilitate other uncharged fraud.

On August 17, 2022, the jury returned a guilty verdict against the Defendant on all but one aggravated identity theft count. (DE 59). This verdict included guilty findings on Counts 1, 6, and 12. (DE 59). The Defendant now moves for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, arguing that Jean Louis improperly testified to the Defendant's possession of T.D.'s PII. (DE 69).

---

[1] The government does not recall the Defendant objecting to this limited post-sidebar testimony.

## ARGUMENT

The Court should deny the Defendant's motion for new trial. Contrary to the Defendant's factual recitation, the Court properly exercised its considerable discretion in admitting Jean Louis's limited testimony about how Jean Louis and the Defendant first came into possession of T.D.'s PII. This evidence was admissible because it was inextricably intertwined with charged counts. Specifically, it completed the story of Counts 1, 6, and 12. *See United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.").

Without this evidence, the jury would have been left wondering how Jean Louis and the Defendant obtained T.D.'s PII to begin with. Further, the Defendant's counsel argued and implied throughout trial that Jean Louis was solely responsible for the fraudulent loan applications that used the names, driver licenses, and social security numbers of unwitting victims. Without the admitted evidence, the jury would not have understood the full scope of the Defendant's possession of T.D.'s name and social security number.

Further, in excluding the reason why Jean Louis had first provided the Defendant with T.D.'s PII—so that the two could commit other uncharged fraud together—the Court mitigated undue prejudice to the Defendant. The admitted testimony did not directly implicate the Defendant in any uncharged criminal activity: the jury heard only that Jean Louis had illicitly obtained T.D.'s PII years before the pandemic and had passed that PII along to the Defendant shortly afterwards. Because the testimony did not concern the Defendant's uncharged criminal conduct, its admission did not implicate Rule 404(b).

But even if the evidence indirectly implied that the Defendant had engaged in uncharged criminal conduct with Jean Louis, this conduct was inextricably intertwined with the charged conduct such that its admission was not governed by Rule 404(b). *See United States v. Capers*, 708 F.3d 1286, 1298 (11th Cir. 2013) ("[T]he Federal Rule of Evidence 404(b) violations alleged by Mr. Frederick involved criminal activities inextricably intertwined with the criminal conspiracy and therefore not governed by the requirements for admission of evidence under Rule 404(b)."). And even if the evidence was extrinsic, it was admissible under Rule 404(b) for multiple non-propensity purposes: to prove the Defendant's plan, knowledge and willfulness, identity, and lack of accident. F.R.E. 404(b).

In other words, the Court had ample justification to admit the evidence which the Defendant now claims as the basis for a new trial. This justification warrants denial of the Defendant's motion for new trial. A district court which properly denies even a motion for mistrial based on a purported Rule 404(b) violation—which the Defendant did not make here—properly denies a corresponding motion for new trial. *See Capers*, 707 F.3d at 1298-99.

In addition to the Court's appropriate handling at trial of the issue raised in the Defendant's motion, there are also several general reasons why the Court should deny the motion. "Motions for new trial are disfavored, and we have directed that district courts grant them 'only in those really exceptional cases,' when '[t]he evidence . . . preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Lopez*, 562 F. App'x 891, 898 (11th Cir. 2014) (alterations in original) (quoting *United States Martinez,* 763 F.2d 1297, 1313 (11th Cir. 1985)). In this case, the evidence against the Defendant was substantial. The Defendant had a full and fair opportunity to cross-examine all witnesses, including Jean Louis. Finally, the Defendant cites no caselaw supporting his motion for a new trial.

In these circumstances, a new trial would not be in the interest of justice as the applicable Rule requires. Fed. R. Crim. P. 33(a).

## **CONCLUSION**

For the reasons above, the Court should deny the Defendant's motion for new trial.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: /s/ Kiran N. Bhat
Kiran N. Bhat
Assistant United States Attorney
Florida Bar No. 1008370
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9103
Email: Kiran.Bhat@usdoj.gov

Michael B. Homer
Assistant United States Attorney
Court ID No. A5502497
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9289
Email: Michael.Homer@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 31, 2022, I electronically filed this Motion with the Court's electronic filing system, causing a copy to be served on all counsel of record.

                        By:    */s/ Kiran N. Bhat*
                                   Kiran N. Bhat
                                   Assistant United States Attorney