IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:22-60028-CR

UNITED STATES OF AMERICA,

    **Plaintiff**

vs.

**LUKE JOSELIN,**

    **Defendant.**

_____/

## DEFENDANT'S OBJECTIONS TO THE DRAFT PRESENTENCE INVESTIGATION REPORT

**COMES NOW** the Defendant, **LUKE JOSELIN** ("Mr. Joselin"), through undersigned counsel, and hereby files the following objections to the draft Presentence Investigation Report ("PSI") and states:

**PART A. THE OFFENSE**

**Paragraph 19:** The Defense's position is that Joselin was not involved in a conspiracy with Harrison, Jean Louis, or others.

**Paragraph 20:** The Defense's position that he used his email account related to the preparation of his loan applications. Further, the coconspirator's shared the same email address to provide information necessary for Joseline to prepare an application on their behalf.

**Paragraph 22:** It is the Defendant's position that there was no recruitment involved when Jean Louis requested that the Defendant prepare a PPP loan on his behalf.

**Paragraph 27:** It is the Defendant's position that he did not mask the illegitimacy by transferring funds to a new account and issuing "pay period" checks to four individuals.

**Paragraph 28:** It is the Defendant's position that both Jean Louis and Harrison took steps to obtain loan funds.

**Paragraph 29:** It is the Defendant's position that Jean Louis stole the victim TD's personal identifying information. The Defendant was acquitted of the conduct in count twelve of the indictment.

**Paragraph 30:** It is the Defendant's position that he relied on the information provided by Harrison and Jean Louis in the preparation of the SBA applications.

**Paragraph 31:** It is the Defendant's position is that he did not lie during his post-arrest statements conducted in October 2021. Further, it is the Defendant's position that the total amount that he is responsible for is **$477,533** and *not* **$3.6 million**.

The Defense respectfully requests that the Court make the following findings with respect to his amount that he is responsible for in the instant case:

> **COUNT I-NO AMOUNT OBTAINED BY THE DEFENDANT**
>
> **COUNT II- DEFENDANT RESPONSIBLE FOR $27,005**
>
> **COUNT III- DEFENDANT RESPONSIBLE FOR $20,833**
>
> **COUNT IV- DEFENDANT RESPONSIBLE FOR $20,833**
>
> **COUNT V-DEFENDANT RESPONSIBLE FOR $19,412**
>
> **COUNT VI- DEFENDANT RESPONSIBLE FOR $19,998**
>
> **COUNT VII- DEFENDANT RESPONSIBLE FOR $186,972**
>
> **COUNT VIII- DEFENDANT RESPONSIBLE FOR $182,500**
>
> **COUNTS VIIII-X- PPP LOAN APPLICATIONS WERE SUBMITTED BUT NOT FUNDED**
>
> **COUNT XI-NO AMOUNT OBTAINED BY THE DEFENDANT**
>
> **COUNT XII-DEFENDANT ACQUITTED OF AGGRAVATED IDENTITY**
>
> **PART A. ROLE ASSESSMENT**

**Paragraph 32:** It is the Defendant's position that he did not recruit, direct, or cause the submission of false and fraudulent information to secure PPP and EIDL loans in the amount of $3.6 million. But that rather, the Defendant accepts responsibility for the loans that he prepared on his behalf *and* for the applications that he submitted on behalf of Harrison and Judelex without verifying the information.

**Paragraph 33:** It is the Defendant's position that Jean Louis was not recruited into a fraudulent scheme by the Defendant.

**Paragraph 39:** It is the Defendant's position that he is accepting responsibility for his role in the offense. Therefore, the Defense would be respectfully requesting that the adjustment for the acceptance of responsibility apply.

**Paragraph 43:** It is the Defendant's position that he is not responsible for the total amount of $3.6 million. (*See the calculation in Defendant's objection as to paragraph 31*) Because the loss was more than $250,000 but less than $550,000, the Defense is requesting that his offense level is increased by twelve (12) levels, §2B1.1(b)(1)(G).

**Paragraph 46:** It is the Defendant's position that he is not the organizer, leader, manager, or supervisor of any criminal activity involving Jean Louis and Harrison.

**Paragraph 50:** It is the Defendant's position that he qualifies for the adjustment for the acceptance of responsibility.

### PART D. SENTENCING OPTIONS

**Paragraph 84:** It is the Defendant's position that he has a total offense level of seven (7), with a specific offense characteristic level of 12 points, and sophisticated means enhancement of two additional levels. The Defense is objecting to the Adjustment Role enhancement of two (2) levels and respectfully requesting that this court sustain his objection.

Thereby, the Defendant is requesting that his total offense level be seventeen (17) and criminal history of I, therefore the guideline imprisonment range is 24-30 months in the Bureau of Prison's custody. Per 18 U.S.C § 1028A(a)(1) and (b)(2) as to Count Twelve of the indictment, the Court is required to impose the respective count consecutive to the underlying count.

**Paragraph 89:** It is the Defendant's position that the applicable guideline range is in Zone C of the sentencing table, thereby making the Defendant ineligible for probation.

## PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

**Paragraph 95:** It is the Defense's position that Defendant is eligible for a variance pursuant to 18 U.S.C. Section 3553(e) factors based upon his: lack of criminal history; family circumstances; and the nature of the offense.

**WHEREFORE**, the Defense respectfully requests this Court to sustain the above-described PSI objections.

Respectfully Submitted,

**THE DAVIS LEGAL CENTER**
*/s/ Dameka L. Davis, Esq.*
Dameka L. Davis, Esq.
Florida Bar No.: 0110587
2719 Hollywood Boulevard, A-1187
Hollywood, Florida 33020
Telephone: 954-256-5958
Fax No.: 954-272-7665
Email: ddavis@thedavislegalcenter.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2022, I electronically filed the foregoing with the Clerk of the Court using PACER. I also certify that the foregoing document is being served this day on all counsel of record in this matter by PACER.

*/s/ Dameka L. Davis, Esq.*
Dameka L. Davis, Esq.